# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Louise Simmons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Absolute Resolutions Investments, LLC, an Arizona limited liability company, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Louise Simmons, brings this action for damages against Defendant, Source Receivables Management, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq.,* and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because Plaintiff maintains a registered agent within this district and transacts business here.

1

## PARTIES

3. Plaintiff, Louise Simmons ("Simmons"), is citizen of the State of Georgia from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Kroger/US Bank account.

4. Defendant, Absolute Resolutions Investments, LLC ("ARI"), is an Arizona limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails, and/or credit reporting and/or lawsuits and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. ARI operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Georgia.

5. Defendant ARI was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant ARI is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then tries to collect upon via collection letters, negative credit reporting and lawsuits.

7. Defendant ARI's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

8. Defendant ARI is authorized to conduct business in Georgia, and maintains a registered agent here, see, record from the Georgia Secretary of State, attached at Exhibit A. In fact, Defendant conducts extensive business in Georgia.

## FACTUAL ALLEGATIONS

9. Due to financial difficulties, Ms. Simmons was unable to pay her debts, including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed for a Kroger/US Bank ("US Bank") account. Sometime after this debt went into default, it was allegedly purchased/obtained by the Defendant who then attempted to collect the debt from Ms. Simmons via a negative credit report and by having another debt collector, Arcon Credit Solutions, send Ms. Simmons a collection letter on August 26, 2024. A copy of this collection letter is attached as Exhibit B.

10. Accordingly, Ms. Simmons' attorney wrote to the Defendant on February 3, 2025, to inform it, through its debt collector, that Ms. Simmons was represented by counsel and to note that she questioned the correctness of the US Bank debt that the Defendant was trying to collect from her. Copies of this email and delivery confirmation are attached as Exhibit C.

11. Ms. Simmons' attorney's letter was sent via email to the address listed on Arcon's corporate website for contact, a screen print of which is attached as

3

Exhibit D. The email that was sent was not returned as undeliverable and was opened by Arcon.

12. On April 4, 2025, Ms. Simmons obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant had continued to report the debt but had failed to note that the debt was disputed. The pertinent part of Ms. Simmons's TransUnion credit report is attached as Exhibit E.

13. Accordingly, Ms. Simmons had to take additional time and effort, as well as expense, to have another attorney write Defendant a letter to reassert that she disputed the debt that Defendant was trying to collect from her. A copy of this letter is attached as Exhibit F.

14. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

15. Furthermore, § 1692e(8) of the FDCPA's command that a debt collector must communicate that a disputed debt is disputed is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects

to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

16.     Defendant's collection actions negatively impacted Ms. Simmons's credit score and cost her time and effort, as well as expense, to try and correct Defendant's actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023), Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023) and Ebaugh v. Medicredit, Inc., 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

17.     All of the Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

## COUNT I
## Violation Of § 1692e (8) Of The FDCPA –
## Failing To Report That A Disputed Debt Is Disputed

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Wood v.

Security Credit Services, LLC, 2025 U.S. App. LEXIS 1901 (7th Cir. Jan. 28, 2025); Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

20. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

21. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

25. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of The Fair Business Practices Act

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." OCGA § 10-1-391(a).

28. A violation of the FDCPA also constitutes a violation of the FBPA. <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 288 Ga.App. 457 (2007). <u>Gilmore v. Account Management, Inc</u>., 357 Fed.Appx. 218 (11th Cir. 2009).

29. Defendant's acts violated the FBPA.

30. Defendant's acts in violation of the FDCPA and FBPA were intentional.

31. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages and exemplary damages.

32. Pursuant to the FBPA, Plaintiff is entitled to an award against Defendant for reasonable attorneys' fees and expenses of litigation.

## PRAYER FOR RELIEF

Plaintiff, Louise Simmons, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA and FBPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, treble and exemplary damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA and as provided under the FPBA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Louise Simmons, demands trial by jury.

Respectfully submitted, this 9th day of June, 2025

By: s/ Steven H. Koval
Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff
The Koval Firm, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, Georgia 30305
(404) 513-6651
(404) 549-4654 (FAX)
steve@kovalfirm.com

                            By: <u>s/ David J. Philipps</u>*
David J. Philipps
(Ill. Bar No. 06196285)
(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

*Pro hac vice application to be filed*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing COMPLAINT FOR DAMAGES was prepared on a computer, using Times New Roman 14 point font.

This 9th day of June, 2025.

By: s/ Steven H. Koval\_\_\_\_
Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff
The Koval Firm, LLC
3575 Piedmont Road
15 Piedmont Center
Suite 120
Atlanta, Georgia 30305
(404) 513-6651
(404) 549-4654 (FAX)
steve@kovalfirm.com